UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JAMES B. MCCARTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-318-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KELLOGG USA, INC., et al., | ) | **MEMORANDUM OPIPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

After the close of discovery in this action alleging wrongful termination, Defendants Kellogg USA, Inc. and Kellogg Sales Company filed a motion for sanctions against Plaintiff James B. McCartt under Federal Rule of Civil Procedure 37(c)(1). [Record No. 38] The defendants allege that McCartt withheld documents that were responsive to certain discovery requests without substantial justification. McCartt waited until the last two days of the discovery period to disclose the documents, which included notes regarding job applications, certain documents relating to his employment, and notes regarding his administrative request for relief following termination of his employment.

When McCartt initially produced only four pages of documents in response to the defendants' request for production of documents, the defendants sent a letter to counsel for McCartt asking for any additional responsive documents. [Record No. 38-3] Counsel responded that "McCartt has no further documents regarding his claim." [Record No. 38-4] McCartt did not disclose any documents in response to a second letter either. [Record No.

-1-

38-5]  Then, immediately before his deposition, McCartt produced several documents, including an ongoing list of organizations to which he applied for employment.

The parties subsequently contacted the United States magistrate judge to resolve a discovery dispute.  On June 5, 2015, the magistrate judge directed, *inter alia*, that McCartt produce any additional documents on Friday, June 12, 2015—the end of the discovery time period.  [Record No. 37]  On June 11–12, 2015, McCartt produced 160 pages of documents.  [Record No. 38, ¶ 11]  This motion followed.

The defendants claim that they were prejudiced by the belated disclosure because they lost the opportunity to question McCartt about the documents during his deposition.  Nonetheless, "[t]he party requesting exclusion under Rule 37(c)(1) need not show prejudice, rather the non-moving party must show that the exclusion was 'harmless' or 'substantially justified.'"  *Saint Gobain Autover USA, Inc. v. Xinyi Glass North America, Inc.*, 666 F. Supp. 2d 820, 826 (N.D. Oh. 2009) (citing *SPX Corp. v. Bartec, LLC*, 574 F. Supp. 2d 748, 756 (E.D. Mich. 2008)).  If the non-moving party is unable to make this showing then the exclusion of the non-disclosed evidence is "automatic and mandatory."  *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 983 (6th Cir. 2004) (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004)).

McCartt's response to the motion[1] makes no effort to justify his failure to supplement the defendants' requests for production of documents or counsel's affirmative representation

---

1  A hearing on the motion was neither requested by the parties, nor required under the circumstances.  *See Paladin Assoc., Inc. v. Montana Power Co.*, 328 F.3d 1145 (9th Cir. 2003); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 666–67 (D. Kan. 2004) ("[T]he Court may consider the issue of sanctions on written submissions . . . where the moving party requests sanctions in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." (citations and internal quotations marks omitted)).

that no additional documents existed. McCartt's candid response is, essentially, that none of the documents at issue are proper evidence anyway. McCartt "does not wish to use his list of prospective employers as a substantive exhibit, but rather . . . to refresh his recollection." [Record No. 39, p. 2] With respect to McCartt's notes, he simply states that the "[p]laintiff does not believe [the notes] are admissible evidence for this case." [Record No. 39, p. 2] McCartt denies that he has "withheld any substantive document related to any issue in this case." [Record No. 39, p. 2] Despite McCartt's assertions to the contrary, the documents at issue relate to more than his ongoing list of prospective employers and represent relevant discovery that was subject to timely disclosure.

McCartt has not provided any excuse for his failure to timely disclose the relevant discovery, and certainly has not demonstrated that his delayed production was "substantially justified." *See Matilla v. South Kentucky Rural Elec. Co-op Corp.*, No. 6: 04-380-DCR, 2006 WL 7128675, at *4 (E.D.Ky Jan. 20, 2006) (discussing the standard for substantial justification). In short, there is nothing in the record to suggest that the delayed production of documents was an "honest mistake" or "inadvertent." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) (citing *City of Lebanon*, 18 F. App'x 252, 264 (6th Cir. 2001)).

The analysis here is "very simple: the sanction [under Rule 37(c)(1)] is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (citing *Vance ex rel. Hammons v. United States*, 182 F.3d 290 (6th Cir. 1999)). No such showing has been made. McCartt shall be precluded from using any of the documents produced on June 11 and 12, 2015, to support his claims at trial or otherwise.

However, the defendants shall not be precluded from using the subject materials. Further, the defendants will be awarded their reasonable expenses, included attorney's fees, incurred by bringing this motion. Fed. R. Civ. P. 37(c)(1)(A). Accordingly, it is hereby

**ORDERED** at follows:

1. The defendants' motion for sanctions [Record No. 38] is **GRANTED**.

2. Plaintiff James B. McCartt is prohibited from using any of the documents produced on June 11 and 12, 2015, to supply evidence on a motion, at a hearing, or at trial. However, this prohibition shall not be extended to the defendants.

3. The defendants will be awarded their reasonable expenses, including attorney's fees, incurred in filing this motion.

4. The defendants shall file an affidavit **within 10 days** outlining their reasonable expenses and include any supporting documentation. McCartt shall file any objections to these expenses **within 5 days** after they are filed. The issue of expense related to the underlying motion will stand submitted at that time.

This 20th day of July, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge